# EXHIBIT "2A"

FEBRUARY 04, 2022

# Executive Order on Use of Project Labor Agreements For Federal Construction Projects

By the authority vested in me as President by the Constitution and the laws of the United States of America, including the Federal Property and Administrative Services Act, 40 U.S.C. 101 *et seq.*, and in order to promote economy and efficiency in the administration and completion of Federal construction projects, it is hereby ordered that:

Section 1.  Policy.  (a)  Large-scale construction projects pose special challenges to efficient and timely procurement by the Federal Government. Construction employers typically do not have a permanent workforce, which makes it difficult to predict labor costs when bidding on contracts and to ensure a steady supply of labor on contracts being performed.  Challenges also arise because construction projects typically involve multiple employers at a single location, and a labor dispute involving one employer can delay the entire project.  A lack of coordination among various employers, or uncertainty about the terms and conditions of employment of various groups of workers, can create friction and disputes in the absence of an agreed-upon resolution mechanism.  These problems threaten the efficient and timely completion of construction projects undertaken by Federal contractors.  On large-scale projects, which are generally more complex and of longer duration, these problems tend to be more pronounced.

  (b)  Project labor agreements are often effective in preventing these problems from developing because they provide structure and stability to large-scale construction projects.  Such agreements avoid labor-related disruptions on projects by using dispute-resolution processes to resolve worksite disputes and by prohibiting work stoppages, including strikes and lockouts.  They secure the commitment of all stakeholders on a construction site that the project will proceed efficiently without unnecessary interruptions.  They also advance the interests of project owners, contractors, and subcontractors, including small businesses.  For these reasons, owners and contractors in both the public and private sector

routinely use project labor agreements, thereby reducing uncertainties in large-scale construction projects. The use of project labor agreements is fully consistent with the promotion of small business interests.

(c)  Accordingly, it is the policy of the Federal Government for agencies to use project labor agreements in connection with large-scale construction projects to promote economy and efficiency in Federal procurement.

Sec. 2.  Definitions.  For purposes of this order:

(a)  "Labor organization" means a labor organization as defined in 29 U.S.C. 152(5) of which building and construction employees are members, as described in 29 U.S.C. 158(f).

(b)  "Construction" means construction, reconstruction, rehabilitation, modernization, alteration, conversion, extension, repair, or improvement of buildings, structures, highways, or other real property.

(c)  "Large-scale construction project" means a Federal construction project within the United States for which the total estimated cost of the construction contract to the Federal Government is $35 million or more. The Federal Acquisition Regulatory Council (FAR Council), in consultation with the Council of Economic Advisers, may adjust this threshold based on inflation using the process at 41 U.S.C. 1908.

(d)  "Agency" means an executive department or agency, including an independent establishment subject to the Federal Property and Administrative Services Act, 40 U.S.C. 102(4)(A).

(e)  "Project labor agreement" means a pre-hire collective bargaining agreement with one or more labor organizations that establishes the terms and conditions of employment for a specific construction project and is an agreement described in 29 U.S.C. 158(f).

Sec. 3.  Project Labor Agreement Presumption. Subject to sections 5 and 6 of this order, in awarding any contract in connection with a large-scale construction project, or obligating funds pursuant to such a contract, agencies shall require every contractor or subcontractor engaged in construction on the project to agree, for that project, to negotiate or become a party to a project labor agreement with one or more appropriate labor organizations.

Sec. 4.  Requirements of Project Labor Agreements. Any project labor agreement reached pursuant to this order shall:

(a)  bind all contractors and subcontractors on the construction project

through the inclusion of appropriate specifications in all relevant solicitation provisions and contract documents;

(b)  allow all contractors and subcontractors on the construction project to compete for contracts and subcontracts without regard to whether they are otherwise parties to collective bargaining agreements;

(c)  contain guarantees against strikes, lockouts, and similar job disruptions;

(d)  set forth effective, prompt, and mutually binding procedures for resolving labor disputes arising during the term of the project labor agreement;

(e)  provide other mechanisms for labor-management cooperation on matters of mutual interest and concern, including productivity, quality of work, safety, and health; and

(f)  fully conform to all statutes, regulations, Executive Orders, and Presidential Memoranda.

Sec. 5.  Exceptions Authorized by Agencies. A senior official within an agency may grant an exception from the requirements of section 3 of this order for a particular contract by, no later than the solicitation date, providing a specific written explanation of why at least one of the following circumstances exists with respect to that contract:

(a)  Requiring a project labor agreement on the project would not advance the Federal Government's interests in achieving economy and efficiency in Federal procurement. Such a finding shall be based on the following factors:

(i)  The project is of short duration and lacks operational complexity;

(ii)  The project will involve only one craft or trade;

(iii) The project will involve specialized construction work that is available from only a limited number of contractors or subcontractors;

(iv)  The agency's need for the project is of such an unusual and compelling urgency that a project labor agreement would be impracticable; or

(v)  The project implicates other similar factors deemed appropriate in regulations or guidance issued pursuant to section 8 of this order.

(b)  Based on an inclusive market analysis, requiring a project labor agreement on the project would substantially reduce the number of potential bidders so as to frustrate full and open competition.

(c)  Requiring a project labor agreement on the project would otherwise be

inconsistent with statutes, regulations, Executive Orders, or Presidential Memoranda.

Sec. 6.  Reporting. (a)  To the extent permitted by law and consistent with national security and executive branch confidentiality interests, agencies shall publish, on a centralized public website, data showing the use of project labor agreements on large-scale construction projects, as well as descriptions of the exceptions granted under section 5 of this order.

   (b) On a quarterly basis, agencies shall report to the Office of Management and Budget (OMB) on their use of project labor agreements on large-scale construction projects and on the exceptions granted under section 5 of this order.

Sec. 7. Nothing in this order precludes an agency from requiring the use of a project labor agreement in circumstances not covered by this order, including projects where the total cost to the Federal Government is less than that for a large-scale construction project, or projects receiving any form of Federal financial assistance (including loans, loan guarantees, revolving funds, tax credits, tax credit bonds, and cooperative agreements). This order also does not require contractors or subcontractors to enter into a project labor agreement with any particular labor organization.

Sec. 8.  Regulations and Implementation. (a)  Within 120 days of the date of this order, the FAR Council, to the extent permitted by law, shall propose regulations implementing the provisions of this order.  The FAR Council shall consider and evaluate public comments on the proposed regulations and shall promptly issue a final rule, to the extent permitted by law.

   (b)  The Director of OMB shall, to the extent permitted by law, issue guidance to implement the requirements of sections 5 and 6 of this order.

Sec. 9.  Contracting Officer Training. Within 90 days of the date of this order, the Secretary of Defense, the Secretary of Labor, and the Director of OMB shall coordinate in designing a training strategy for agency contracting officers to enable those officers to effectively implement this order. Within 180 days of the date of the publication of proposed regulations, the Secretary of Defense, the Secretary of Labor, and the Director of OMB shall provide a report to the Assistant to the President for Economic Policy and Director of the National Economic Council on the contents of the training strategy.

Sec. 10. Revocation of Prior Orders, Rules, and Regulations.  Executive Order 13502 of February 6, 2009 (Use of Project Labor Agreements for Federal Construction Projects), is revoked as of the effective date of the final regulations issued by the FAR Council under section 8(a) of this order. Upon Executive Order 13502's revocation, the heads of agencies shall consider, to the extent permitted by law, revoking any orders, rules, or regulations implementing Executive Order 13502.

Sec. 11.  Severability.  If any provision of this order, or the application of such provision to any person or circumstance, is held to be invalid, the remainder of this order and its application to any other person or circumstance shall not be affected thereby.

Sec. 12. Effective Date.  This order shall be effective immediately and shall apply to all solicitations for contracts issued on or after the effective date of the final regulations issued by the FAR Council under section 8(a) of this order.  For solicitations issued between the date of this order and the effective date of the final regulations issued by the FAR Council under section 8(a) of this order, or solicitations that have already been issued and are outstanding as of the date of this order, agencies are strongly encouraged, to the extent permitted by law, to comply with this order.

Sec. 13. General Provisions.  (a)  Nothing in this order shall be construed to impair or otherwise affect:

    (i)   the authority granted by law to an executive department or agency, or the head thereof; or

    (ii)  the functions of the Director of the Office of Management and Budget relating to budgetary, administrative, or legislative proposals.

  (b)  This order shall be implemented consistent with applicable law and subject to the availability of appropriations.

  (c)  This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

JOSEPH R. BIDEN JR.

The White House,

February 4, 2022.