# EXHIBIT "10"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ASSOCIATED BUILDERS AND CONTRACTORS, FLORIDA FIRST COAST CHAPTER, AND ASSOCIATED BUILDERS AND CONTRACTORS,<br><br>Plaintiffs<br><br>vs.<br><br>WILLIAM F. CLARK, DIRECTOR, OFFICE OF GOVERNMENT-WIDE ACQUISITION POLICY, OFFICE OF ACQUISITION POLICY, Office of GOVERNMENT-WIDE Policy, GENERAL SERVICES ADMINISTRATION, et al.<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § §   NO. _____ |

**AFFIDAVIT**

I, Cheryl Sment, being duly sworn, hereby state the following based on personal knowledge:

1.　I am the President/CEO of Interstate Sealant & Concrete, Inc. My firm is a small, women-owned business performing work on federal and state construction projects in Florida and nationwide. My firm is a member of Associated Builders and Contractors ("ABC") in the ABC's Wisconsin Chapter. I was the 2010 Small Business Person of the Year for Wisconsin, (through SBA) representing small contractors that are women-owned and have been able to be successful in federal and state contracting projects as a Prime Contractor and as a Subcontractor.

2.　I am familiar with my firm's performance of construction work on government projects that exceed $35 million in value. My firm has performed a number of subcontracts on

1

government projects valued above $35 million over the 26 years I have been in business. None of our previous successful contracts and subcontracts on federal projects imposed any project labor agreement ("PLA") mandates.

3. As a merit shop contractor/subcontractor, I am very concerned about the new Rule recently issued by the FAR Council. The Rule for the first time requires federal agencies to mandate project labor agreements ("PLAs") on federal construction projects that are $35 million or more in total value.

4. My firm will face irreparable harm from the Rule as it will make it more difficult for my firm to secure work. I am already aware of upcoming projects that are being advertised as requiring a PLA. My firm has had a strong success rate at similar federal installations and a documented track record of being a successful subcontractor in other similar projects. We anticipate that merit shop general contractors would plan to pursue the work at this project and other federal projects valued above $35 million, and would ask us to participate as a subcontractor, if it were not for the PLA requirement.

5. I do not believe that the merit shop general contractors with which my firm normally works will bid for or successfully be awarded PLA-covered projects, which will make it difficult for my firm to obtain subcontracting work. I also do not believe union contractors would consider my firm as a subcontractor.

6. I understand that under the Rule, firms have to sign a PLA before they can submit a bid or after being awarded a contract. Either way, this would impose irreparable burdens on my firm. If a project required a PLA for bidding, my firm would not be able to meaningfully estimate how the PLA would impact our cost calculations, given that we do not enter into PLAs. As a result, we would be unable to confidently submit accurate cost estimates to general contractors.

7. Even if a project did not require a PLA until after the bidding process completed, my firm would still be unable to submit accurate cost estimates to general contractors who may be considering my firm, knowing that a subsequent (and unnegotiated) PLA could alter the cost calculations. The situation would be particularly uncertain for my firm, because as a subcontractor, my firm would not play a role in PLA negotiations. Because of this challenge, I do not believe general contractors would select my firm as a subcontractor.

8. Further, my firm does not have a relationship with any unions. In fact, my firm has never worked with any union, and my employees have never voted to be represented by a union. I therefore do not think any unionized contractors would consider my firm as a subcontractor for Federal Contracting opportunities, I have in the past been able to negotiate any union terms and agreements out of our subcontract when working with Union Contractors, I am certain if this PLA mandate is in place, my negotiations with Prime Contractors that are union will not allow our company under this mandate to waive PLA's. Further, forcing our company to recognize and enter into a PLA with a union that does not represent our employees would irreparably infringe on our Constitutional right of freedom of association.  Working on projects with PLAs would make it more difficult for my firm to retain employees and increase my firm's costs.

9. It is my understanding that the Small Business Administration was highly critical of the PLA Rule and said it did not comply with the laws governing small business procurements. My firm is a small business that is directly impacted by the PLA Rule's failure to comply with such laws. The PLA Rule imposes an irreparable burden on our subcontracting on any project subject to the new PLA mandate. Further, as subcontractor, my firm would not be involved in negotiations of the PLA, so my firm would be required to adhere to whatever deal the general contractor reaches with a union in order to bid on the project.

3

10. If any general contractors ask my firm to serve as a subcontractor for a PLA project, my firm would need to employ and train additional (un-reimbursable) staff to comply with the new administrative burdens and compliance risks imposed by the new Rule. Not a light ask for a small women-owned subcontractor that does not have endless resources.

11. Imposing a PLA on federal construction projects will do nothing to increase government efficiency or economy, and will instead have the opposite effect, by reducing competition and increasing prices. My firm is ready, willing and able to serve as a subcontractor for such projects, but the PLA mandate will irreparably harm our ability to perform work on such projects or be selected as a subcontractor in the first place.

12. I declare under penalty of perjury that the foregoing is true and correct.

_____                    3/27/24
Name   Cheryl A Sment                              Date