# EXHIBIT "13"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ASSOCIATED BUILDERS AND CONTRACTORS, FLORIDA FIRST COAST CHAPTER, AND ASSOCIATED BUILDERS AND CONTRACTORS, <br><br>**Plaintiffs** <br><br>vs. <br><br>WILLIAM F. CLARK, DIRECTOR, OFFICE OF GOVERNMENT-WIDE ACQUISITION POLICY, OFFICE OF ACQUISITION POLICY, Office of GOVERNMENT-WIDE Policy, GENERAL SERVICES ADMINISTRATION, et al. <br><br>**Defendants.** | § § § § § § § § § § § § § § § § § § NO. _____ |

**AFFIDAVIT**

I, James P. Laurie III, being duly sworn, hereby state the following based on personal knowledge:

1. I am Corporate Counsel for ECC – Environmental Chemical Corporation ("ECC"). ECC is a federal government contractor engaged in construction projects for the Department of Defense world-wide. My firm is a member of Associated Builders and Contractors ("ABC").

2. I am familiar with my firm's performance of construction work on government projects that exceed $35 million in value. We have a strong success rate with winning these types of contracts. Each year, my firm typically performs work exceeding $800 million in revenue from projects of this magnitude.

1

3. As a general contractor we subcontract out work to various trades.

4. As a contractor performing Federal work, I am very concerned about the new Rule recently issued by the FAR Council. The Rule requires federal agencies to mandate project labor agreements ("PLAs") on federal construction projects that are $35 million or more in total value.

5. My firm will face irreparable harm from the Rule as it will make it more difficult for my firm to secure work from the federal government. I am already aware of several upcoming projects—construction work at Fort Liberty, NC, Cherry Point, NC (two projects), Key West, FL, Camp Eisenhower, GA, Eareckson AFB, AK —that have been advertised as requiring a PLA. My firm has had a strong success rate performing this type of work for these agencies and a documented track record of being the successful bidder in other similar projects. We would plan to pursue the work at each location if it were not for the PLA requirement.

6. We have requested an exception to the PLA requirement for each of these projects and demonstrated grounds for an exception to be granted, but have received no substantive response from any agencies, and only informal discussion on some that an exception will not be granted.

7. I believe it would be inefficient and costly for my firm to prepare bids for projects that require PLAs for many reasons. I understand that under the Rule, my firm would have to sign a PLA before we can submit a bid or after being awarded a contract. Either way, this would impose new and costly burdens on my firm during the bidding process. Federal projects are firm-fixed price leaving no ability to clarify or revise pricing after award. For this reason, we rely on the participation and competition or our subcontract trade partners when preparing our bids. Our experience shows that the majority of subcontractors submitting proposals in the areas that we perform work are non-union. Although we do not discriminate between union and non-union

subcontractors, we depend on the non-union participation simply because they are in the majority. If we chose to submit on a federal project with a PLA, then our price would be significantly increased to account for administrative burdens, lack of subcontractor competition and to account for inefficiencies in working with trade partners with which we do not regularly contract.

8. Further, my firm does not have a relationship with any unions, particularly not in the Southeast region of the country where unions perform a small minority of the work, and five of these projects are located. Our employees have never voted to be represented by a union. Forcing our company to recognize and enter into a PLA with a union that does not represent our employees would infringe on our Constitutional right of freedom of association.

9. My firm has contacted unions for the purpose of entering into a PLA, but to date, none have been able to provide a proposed PLA Agreement for execution on these projects. Without this union participation, ECC will be unable to submit a bid for these imminent projects.

10. Further, on the Key West project, the union has indicated that it does not have membership in the area of the project, and ECC will be required to pay additional per diem costs for all union participation brought onto that project.

11. Most of our regular subcontractors have already made clear that they will not perform work under a PLA, and without them our firm cannot successfully bid or perform projects. The lack of subcontractors willing to bid under the PLA mandate would be an insurmountable challenge for our firm, or at a minimum will drastically decrease the number of subcontractors my firm could consider, given that most subcontractors who my firm typically works have refused to participate in a project with a PLA. The result will be unnecessarily increased costs and higher bid prices to the Government due to lack of competition between subcontractors.

12. If my firm elects to pursue Federal projects with PLAs my firm may need to

employ and train additional staff, and incur additional legal expense, to comply with the new administrative burdens and compliance risks imposed by the new Rule at the bid stage. The additional staff will increase our project estimates resulting in higher prices to the Government.

13. Imposing a PLA on projects such as those mentioned herein will do nothing to increase government efficiency or economy, and will instead have the opposite effect, by reducing competition and increasing prices. My firm is ready, willing and able to submit proposals for work on any of the projects mentioned above, and other federal projects that are being solicited; but the PLA mandate will irreparably harm our ability to bid or perform work on these projects or any other project covered by the new FAR PLA rule.

14. I declare under penalty of perjury that the foregoing is true and correct.

_____
James P. Laurie III            4/22/2024