**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| ASSOCIATED BUILDERS AND CONTRACTORS FLORIDA FIRST COAST CHAPTER, *et al.*,<br><br>    *Plaintiffs*,<br><br>        v.<br><br>WILLIAM F. CLARK, *et al.*,<br><br>    *Defendants*. | **Civil Action No. 3:24-cv-00318-WWB-MCR** |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

Plaintiffs seek leave to file a seven-page reply brief in support of their motion for a preliminary injunction. Reply briefs are "disfavored under the Local Rules," *Prokos v. Exceedant LLC*, No. 8:19-CV-508-T-23AEP, 2019 WL 5698379, at *2 (M.D. Fla. Aug. 27, 2019). Plaintiffs did not attempt to modify the briefing schedule required by the Local Rules prior to filing their motion, and present no compelling reason for deviating from those rules now that briefing is closed on their motion. Accordingly, the Court should deny the request for leave to file a reply.

The Local Rules of this Court require virtually all substantive motions (including motions for a preliminary injunction) to be supported solely by an opening brief of no more than twenty-five pages. M.D. Fla. L.R. 3.01(a). Although the non-moving party is limited to an opposition brief of no more than twenty pages, *id.* 3.01(b), the Local Rules anticipate that the opposition brief will typically make the motion ripe for decision. There is "[n]o

reply as a matter of right" in this Court, *id.* 3.01(d), for obvious reasons: doing so would give the moving party significantly more pages to make its arguments than the non-moving party, as well as the last word on the motion.  The structure of the Local Rule "disfavors" replies, *Prokos*, 2019 WL 5698379, at *2, and "infers [that] the practice [of granting leave for replies] should be sparingly considered," *Regions Bank v. Hyman*, No. 8:09-CV-1841-T-17MAP, 2013 WL 12166237, at *1 (M.D. Fla. Aug. 26, 2013).

Plaintiffs advance no sound reason for seeking leave to deviate from the Local Rules now that briefing on their motion is closed.  Their motion does not seek to respond to "new fact and law" in Defendants' opposition.  *Tardif v. People for Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011) (denying motion for leave that sought to "argue [movant's] position on the facts presented by Defendant").  As to the facts, Plaintiffs acknowledge that Defendants did not dispute the contentions of their declarants, and Defendants did not introduce new factual matter into the record that Plaintiffs have not had an opportunity to rebut.  As to the law, Plaintiffs seek a reply to address issues they were surely aware of, but simply chose not to address, in their opening brief.  They also wish to distinguish cases Defendants relied upon and address unspecified "misstate[ments] of the law" by Defendants.  Pls.' Mot. for Leave at 2.  Such disagreements between the parties regarding the application of law to the facts of a particular case are a routine part of litigation.  If they were sufficient to meet the "new fact and law" standard, leave to file replies would be granted in virtually every circumstance.  That is the opposite of what the Local Rules contemplate.

Plaintiffs' examples bear out why a reply is unnecessary here.  Plaintiffs could have used their opening brief to explain why they think Judge Grant's opinion in *Georgia v.*

*Biden*, 46 F.4th 1283 (11th Cir. 2022), binds this Court, even though no other judge on the panel joined her opinion in full.  *See* Defs.' Opp. Br. at 8.  They chose not to do so. Plaintiffs also could have addressed *Associated General Contractors of America v. Biden* *("AGC")*, --- F. Supp. 3d ---, 2024 WL 1078260 (W.D. La. Mar. 12, 2024), *see* Defs.' Opp. Br. at 14, 18-19, which arose from a recently filed challenge to the same federal policy directives at issue in this case, and explained how the exceptions contained in those directives militate against claims that contractors and subcontractors are being harmed by those directives.  Again, Plaintiffs chose not to address this decision in their brief.  The Court can read these decisions and decide for itself if Defendants have properly relied upon them.  Plaintiffs cannot employ a reply brief simply because, in retrospect, they wish they had anticipated Defendants' arguments in their opening brief.

For these reasons, the Court should deny Plaintiffs' motion for leave.[1]

Dated: May 22, 2024                          Respectfully submitted,

                                             BRIAN M. BOYNTON
                                             *Principal Deputy Assistant Attorney General*

                                             LESLEY FARBY
                                             *Assistant Branch Director, Federal Programs*
                                             *Branch*

                                             */s/ Michael J. Gerardi*
                                             MICHAEL J. GERARDI (D.C. Bar No. 1017949)
                                             *Senior Trial Counsel*
                                             TAISA GOODNATURE
                                             *Trial Attorney*
                                             U.S. Department of Justice
                                             Civil Division, Federal Programs Branch
                                             1100 L Street, NW
                                             Washington D.C. 20005
                                             Tel: (202) 616-0680
                                             michael.j.gerardi@usdoj.gov

                                             *Attorneys for Defendants*

---

[1] Should the Court grant the motion, Defendants will promptly seek leave to file a sur-reply of no more than seven pages.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this twenty-second day of May, 2024, I electronically filed the foregoing with the Clerk of the Court by using the ECF system, which will send a notice electronically to all registered users of ECF.

*/s/ Michael J. Gerardi*
MICHAEL J. GERARDI
Senior Trial Counsel