UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ASSOCIATED BUILDERS AND CONTRACTORS FLORIDA FIRST COAST CHAPTER, AND ASSOCIATED BUILDERS AND CONTRACTORS,<br><br>    Plaintiffs<br>v.<br><br>WILLIAM F. CLARK, DIRECTOR, OFFICE OF GOVERNMENT-WIDE ACQUISITION POLICY, OFFICE OF ACQUISITION POLICY, OFFICE OF GOVERNMENT-WIDE POLICY, GENERAL SERVICES ADMINISTRATION, *et al.*<br><br>    Defendants. | **Case No. 24-cv-318-WWB-MCR** |

**Uniform Case Management Report**

1. **Date and Attendees**

The parties conducted the planning conference on 6/18/2024. Maurice Baskin for the Plaintiffs and Michael Gerardi for the Defendants attended the conference.

2. **Deadlines and Dates**

As further discussed below, this is a challenge to a government regulation under the Administrative Procedure Act, 5 U.S.C. 706. When a party challenges agency action, 'the district does not perform its normal role but instead sits as an appellate tribunal.'" *United States v. Schwarzbaum*, 24 F.4th 1355 (11th Cir. 2022). As a result, discovery is not normally permitted or necessary and discovery-related deadlines are not applicable. "Judicial review of agency action under the APA is typically limited to the record before the agency when it took the challenged action." *See Florida v. United States*, 2022 U.S. Dist. LEXIS 118873, at *2-3 (N.D. Fla. Jun. 6, 2022). The district court's review of the agency's action is confined to the administrative record, except insofar as affidavits or other evidence of injury to plaintiffs or their members is required to establish standing to sue. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 494 (2009).

    In light of the foregoing, the parties request these deadlines and dates:

| Action or Event | Date |
| --- | --- |
| Deadline for Defendants' Response to Plaintiffs' Complaint | 7/15/2024 |
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | N/A |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 10/1/2024 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).<br>Plaintiff | N/A |
| Defendant | N/A |
| Rebuttal | N/A |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | N/A |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | N/A |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. | N/A |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | N/A |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | N/A |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | N/A |
| Month and year of the trial term. | N/A |

| | |
|---|---|
| Defendants shall file a certification of the contents of the administrative record. | Promptly after the Court's decision on Plaintiff's motion for preliminary injunction |
| Plaintiffs shall file their motion for summary judgment. | Promptly weeks following the Court's decision on Plaintiffs' Motion for Preliminary Injunction |
| Defendants shall file their opposition and cross-motion for summary judgment. | 3 weeks following Plaintiffs' Motion for Summary Judgment. |
| Plaintiffs shall file their reply and opposition. | 3 weeks following Defendants' Opposition and Cross-Motion for Summary Judgment. |
| Defendants shall file their reply. | 2 weeks following Plaintiffs' Opposition and Reply. |
| The parties shall file a joint appendix containing cited portions of the administrative record. | 2 weeks following Defendants' Reply. |

The trial will last approximately N/A days and be

☐  jury.

☒  non-jury.

### 3.  Description of the Action

Plaintiffs are two affiliated trade associations moving to enjoin the implementation and enforcement of Executive Order 14063, "Use of Project Labor Agreements for Federal Construction Projects," issued by President Joseph Biden on Feb. 4, 2022, 87 Fed. Reg. 7363 (Feb. 9, 2022); as implemented by the Final Rule having the same title, promulgated by the Federal Acquisition Regulatory ("FAR") Council, 88 Fed. Reg.

88708 (Dec. 22, 2023), and by the Office of Management and Budget's ("OMB") Guidance Memorandum M-24-06, all of which mandate project labor agreements on federal construction contracts valued at $35 million or more. Plaintiffs argue the PLA mandate is an *ultra vires* action that exceeds the Executive Branch's authority under and/or directly conflicts with the Federal Property and Administrative Services Act ("FPASA" or the "Procurement Act"), 40 U.S.C. § 121, *et seq.*, the Competition in Contracting Act ("CICA"), 41 U.S.C. § 3301, the National Labor Relations Act ("NLRA"), 29 U.S.C. § 158(d), and the First Amendment. Plaintiffs also argue the PLA mandate violates the Office of Federal Procurement Policy ("OFPP") Act, 41 U.S.C § 1301, *et seq.*, Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, Regulatory Flexibility Act ("RFA"), as amended by the Small Business Regulatory Enforcement Act ("SBREFA"), 5 U.S.C. § 601, and the Small Business Act ("SBA"), 15 U.S.C. § 644. Defendants deny the PLA mandate violates any of the laws listed above.

4. **Disclosure Statement**

   ☒ Plaintiffs have filed their disclosure statement using the required form. Defendants do not believe they are required to file a disclosure statement.

5. **Related Action**

   ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

   ☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

   ☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

   ☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

   ☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

    ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

    The parties submit the following discovery plan under Rule 26(f)(2):

    A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

    ☐ Yes.
    ☒ No; instead, the parties agree to these changes: This case is exempt from initial mandatory disclosures under Federal Rule of Civil Procedure 26(a)(1)(B)(i) because it is "an action for review on an administrative record."

    B. As explained above, discovery should not be needed on any subject. Defendants will produce the administrative record to Plaintiffs and will file an index and certification of the administrative record with the Court by 7/22/2024.[*]

    C. Discovery should be conducted in phases:

    ☒ No.
    ☐ Yes; describe the suggested phases.

    D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

    ☒ No.
    ☐ Yes; describe the issue(s).

---

[*] In the interest of efficiency, rather than file and/or serve the voluminous record in its entirety, the parties have agreed that Defendants may incorporate by reference and need not produce to Plaintiffs: (1) the public comments which were submitted to the agency during the rulemaking's comment period, and which are publicly available on www.regulations.gov; and (2) legal authorities such as case law, statutes, regulations, and Federal Register notices. If the case proceeds to summary judgment, the parties will submit a joint appendix containing the portions of the record that the parties relied on in their summary judgment briefs.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐ No.
☒ Yes; the parties will not conduct discovery (see response to No. 2 above).

## 10. Request for Special Handling

☐ The parties do not request special handling.

☐ The parties request special handling.

☒ Plaintiffs unilaterally request special handling. Specifically, Plaintiffs request expedited briefing and decision on the cross-motions for summary judgment.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*
LESLEY FARBY
*Assistant Branch Director, Federal Programs Branch*

*/s/ Taisa M. Goodnature*
TAISA M. GOODNATURE
N.Y. Bar No. 5859137
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 514-3786
Taisa.M.Goodnature@usdoj.gov
*Attorneys for Defendants*

*/s/Kimberly J. Doud*
Littler Mendelson, P.C.
111 N Orange Ave., Suite 1750
Orlando, FL 32801
407-393-2951
407-641-9263 (Fax)
kdoud@littler.com

Maurice Baskin (*pro hac vice*)
LITTLER MENDELSON, P.C.
815 Connecticut Ave., N.W., Ste. 400
Washington, D.C. 20006
(202) 772-2526
(202) 842-0011 (Fax)
mbaskin@littler.com

*Attorneys for Plaintiffs*