**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| ASSOCIATED BUILDERS AND CONTRACTORS FLORIDA FIRST COAST CHAPTER, AND ASSOCIATED BUILDERS AND CONTRACTORS,<br><br>　　　Plaintiffs<br>v.<br><br>WILLIAM F. CLARK, DIRECTOR, OFFICE OF GOVERNMENT-WIDE ACQUISITION POLICY, OFFICE OF ACQUISITION POLICY, OFFICE OF GOVERNMENT-WIDE POLICY, GENERAL SERVICES ADMINISTRATION, *et al.*<br><br>　　　Defendants. | **Case No. 24-cv-318-WWB-MCR** |

**SUPPLEMENTAL BRIEF ADDRESSING *MVL USA, INC. V. UNITED STATES***

Plaintiffs Associated Builders and Contractors Florida First Coast Chapter ("ABCFFC") and Associated Builders and Contractors ("ABC" or "ABC National") (collectively "Plaintiffs"), pursuant to the Court's February 25 Order (ECF 51), hereby submit their supplemental brief addressing the holding of the Court of Federal Claims in *MVL USA, Inc., et al. v. United States*, 2025 U.S. Claims LEXIS 20 (Jan. 21, 2025), and its relevance to the Competition in Contracting Act ("CICA") claim in this case. As Plaintiffs advised the Court in their Notice of Supplemental Authority (ECF 50), the *MVL* decision held that the Executive Order and FAR Rule effectively mandating Project Labor Agreements ("PLAs") on all government construction projects exceeding $35M – the same PLA mandate at issue here - violates CICA. As further discussed below, the *MVL*

holding is plainly correct and conclusively supports issuance of an injunction by this Court against the unlawful EO, PLA Rule, and related OMB Memorandum.

## I. *MVL's* HOLDING ON THE CICA CLAIM

In *MVL*, a consolidated bid protest, twelve construction company plaintiffs challenged the authority of federal agencies to require prospective contractors to enter into PLAs with unions as an unlawful condition to qualify for federal construction projects exceeding $35 million. *MVL*, 2025 U.S. Claims LEXIS 20, at *1-2. The federal agency defendants based their legal authority to require PLAs on Executive Order 14063 (the "EO"), 87 Fed. Reg. 7363 (Feb. 9, 2022); as implemented by the Final Rule promulgated by the FAR Council, 88 Fed. Reg. 88708 (Dec. 22, 2023) (the "PLA Rule"). *See id.* at *2, 17-18. The EO and PLA Rule at issue in *MVL* are the same EO and Rule that Plaintiffs are seeking to enjoin in the present litigation.

The *MVL* plaintiffs, like the Plaintiffs here, argued the PLA mandate violated CICA because it disqualified otherwise qualified offerors, without statutory authorization. The *MVL* plaintiffs specifically argued the PLA mandate served as "an exclusionary policy unlawfully restricting" competition, applicable to all affected contracts regardless of any procurement's specific needs. *Id.* at *44-45. The plaintiffs also argued the PLA mandate violated CICA as an unauthorized socio-economic set-aside. *Id.* at *46. [1]

---

[1] The *MVL* plaintiffs, like the present Plaintiffs, further argued the EO violated the Federal Property and Administrative Services Act ("FPASA") because the President cannot create policy though orders that are contrary to statute and lack Congressional or constitutional authorization. *Id.* at *48-49, citing *Georgia v. Biden*, 46 F.4th 1283 (11th Cir. 2022). The *MVL* court concluded the Eleventh Circuit's analysis of presidential authority, which the Circuit court found to be lacking under FPASA, was "helpful" and persuasive. *Id.* at *62-64. *MVL* thereby implicitly rejected the Defendants' baseless claim in the present case that the *Georgia* case is somehow not binding precedent in this Circuit, construing both the FPASA and CICA.

The Court of Federal Claims evaluates bid protests by examining whether the agency action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," consistent with the Administrative Procedure Act ("APA"). *Id.* at \*59 (internal citations omitted). The *MVL* court concluded "the FAR requirements in the solicitations violate CICA." *Id.* at \*71. According to the court, the EO is "substantively and operationally different" from prior executive orders covering PLAs, given the mandatory nature of the EO at issue and the limited exceptions. *Id.* at \*71-74. The court found – as Plaintiffs here have asserted – that an offeror who declines to enter a PLA is not given the same opportunity to win an award as other offerors. *Id.* at \*96.

The *MVL* court also held the PLA mandates "have no substantive performance relation to the substance of the solicitations at issue." *Id.* at \*97. Further, "the PLA mandate's exceptions…are rendered functionally meaningless if the agencies take the uniform approach of never seeking an exemption" and "agencies now only look to 'studies supporting the use of PLAs' cited by Biden's EO and the FAR Council, rather than tailoring their decisions to the market data evidence for each specific project specification." *Id.* at \*93-94. The court also found no exceptions to CICA's requirement for full and open competition applied to the PLA mandate. *Id.* at \*97-101.

## II.   RELEVANCE OF *MVL*'S CICA HOLDING IN THIS CASE

Here as in *MVL*, Plaintiffs have alleged the EO and PLA Rule, as well as the OMB Guidance Memorandum M-24-06, violate CICA. (ECF No. 41, Pls.' Mot. for Summ. J., at 14). The court's holding in *MVL* directly supports the relief Plaintiffs seek in this case, given that the court in *MVL* concluded the same EO and PLA Rule at issue in this case violate CICA. *See MVL*, 2025 U.S. Claims LEXIS 20, at \*71.

3

In the present case, Plaintiffs have likewise relied on undisputed facts demonstrating how the PLA mandate's narrow exemptions inherently have foreclosed competitive bidding on covered projects, with the end result of precluding any exemptions at all. (ECF No. 41, Pls.' Mot. for Summ. J., at 14). The court in *MVL* found the same when it concluded the PLA mandate's exemptions were "functionally meaningless," resulting in agencies' "uniform approach" of not applying any exemptions from the PLA mandate. *See MVL*, 2025 U.S. Claims LEXIS 20, at *93-94.

Plaintiffs here have further relied on *NGS v. United States*, 923 F.3d 977 (Fed. Cir. 2019) to explain why the PLA mandate violates CICA. (ECF No. 41, Pls.' Mot. for Summ. J., at 16). The court in *MVL* relied on the same case. *MVL*, 2025 U.S. Claims LEXIS 20, at **66, 87-97. Plaintiffs have also noted that none of CICA's statutory exceptions apply here. (ECF No. 43, Pls.' Opp'n to Summ. J., at 11). The court in *MVL* again concluded the same. *See MVL*, 2025 U.S. Claims LEXIS 20, at *97-101.

The present Defendants, in turn, defended their actions on the same or similar grounds as in *MVL*, which were rejected by the *MVL* court and should again be rejected here. These include the baseless claim that capability and experience requirements do not violate CICA even where the requirements are detached from the ability of bidders to perform the work and render qualified contractors ineligible. *See MVL*, 2025 U.S. Claims LEXIS 20, at *45-46, 88-89. The court rejected this argument in *MVL*, as this Court should also, because "the record indicates a PLA requirement has no bearing on whether plaintiffs can *perform* the contract at issue." *Id.* at 89-90.

That the *MVL* court dealt with bid protests for specific solicitations subject to PLA mandates, instead of a general challenge to the EO and PLA Rule, does not preclude

4

Plaintiffs from receiving relief in this case. As Plaintiffs have previously argued, the federal district courts are the proper forum to address general challenges to executive actions that violate Congressional statutes and are otherwise arbitrary and capricious. (ECF No. 46, Pl.'s Reply at 4). That is certainly the case here. Plaintiffs have properly alleged, and the undisputed facts prove, that the challenged PLA Rule and EO violate CICA on its face and as applied against Plaintiffs' member contractors. The *MVL* decision confirms Plaintiffs' arguments both legally and factually.

Again, the court in *MVL* concluded the PLA requirement (based on the EO and PLA Rule) violated CICA and further observed agencies were not applying the mandate's exemptions, just as Plaintiffs have asserted here in their undisputed affidavits. *See MVL*, 2025 U.S. Claims LEXIS 20, at *71, 93-94. The court in *MVL* further noted the exceptions to the PLA mandate are unlawfully "narrow" and to "apply an exception to the current PLA regulations, the agency's senior procurement executive must provide a specific written explanation of why at least one of the enumerated conditions exists for the particular contract." *Id.* at *73-74. Plaintiffs previously pointed out the same inherent defects in the EO and PLA Rule in their motions and undisputed affidavits. (ECF 41, Pl. Mot for Summ. J. at 8, 15). For all of these reasons, *MVL* strongly supports a finding by this Court that the EO and PLA Rule are unlawful under CICA, and must therefore be set aside.

Finally, there can be no valid claim in the present case that the *MVL* decision somehow renders this case moot. The *MVL* decision addresses only the bid protests that were before it. As Plaintiffs have pointed out in their motion papers, there have been dozens of projects valued at more than $35M that have been subjected to the PLA requirements over the past year. (Pl. Mot for Summ. J. at 15, citing undisputed affidavits).

Moreover, notwithstanding the *MVL* decision, the unlawful EO and FAR Rule remain in effect. Any mootness claim would be improperly based on voluntary "class exceptions" unilaterally declared by some (but not all) federal agencies withdrawing PLA mandates from individual projects.[2]

The heavy burden of establishing mootness rests on the Defendants. They must show it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000); *see also Roberts v. Sec'y, Dep't of Corr.*, 2024 U.S. App. LEXI 10186 (11th Cir. 2024) (government defendant failed to show "unambiguous termination" of unlawful activity).

Here, Defendants cannot meet their burden of showing mootness, because they have not terminated the unlawful enactments that underly their misconduct: specifically, the EO and the FAR Rule both remain in effect, absent injunctive relief from this Court. Only an injunction setting aside the EO, FAR Rule, and OMB Memo can redress and prevent the Defendants' misconduct from continuing to discriminate against ABC's members throughout the country, to the detriment of ABC's members and the public interest in fair and open competition.

---

[2] GSA, for example, has issued a "Class Exception to Requiring a Project Labor Agreement" limited to "Land Ports of Entry." *See* GSA SPE Memo SPE-2025-05. But numerous other GSA projects exceeding the $35M threshold, which ABC members are well qualified to perform, remain subject to the unlawful requirements of the EO and FAR Rule. *See, e.g.*, https://sam.gov/opp/15de3c25d60549dbbd344a2d030771aa/view (imposing the PLA mandate on renovation of a retirement home in the District of Columbia – one of many examples publicly posted at https://sam.gov). *See also* https://sam.gov/opp/ef39cadb4e8a45dcb9cbfabee208035f/view (Veterans Administration action reinstating a PLA requirement that had previously been removed via Class Deviation).

**CONCLUSION**

The Court of Federal Claims' recent decision in *MVL* confirms and strongly supports Plaintiffs arguments here by finding the PLA Rule and EO to be in violation of CICA. Plaintiffs request that the Court grant their pending Motions for Summary Judgment and for Injunctive Relief on this ground as well as the additional grounds argued in Plaintiff's motions. Plaintiffs respectfully renew their request that the Court act on an expedited basis to set aside and enjoin the EO, FAR Rule and OMB Memo.

Dated this 4th day of March, 2025.

                Respectfully submitted,

                */s/Kimberly J. Doud*
                Kimberly J. Doud
                LITTLER MENDELSON, P.C.
                111 N Orange Ave.,
                Suite 1750
                Orlando, FL 32801
                407-393-2951
                407-641-9263 (Fax)
                kdoud@littler.com

                Maurice Baskin (*pro hac vice*)
                LITTLER MENDELSON, P.C.
                815 Connecticut Ave., N.W.
                Ste. 400
                Washington, D.C. 20006
                (202) 772-2526
                (202) 842-0011 (Fax)
                mbaskin@littler.com

                *ATTORNEYS FOR PLAINTIFFS*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of March, 2025, I electronically filed the foregoing with the Clerk of the Court by using the ECF system, which will send a notice electronically to Defendants' counsel of record.

                                                                  */s/Kimberly J. Doud*
                                                                  Kimberly J. Doud